The next case on our call this morning is Agenda No. 6, Case No. 105-212, People of the State of Illinois v. Jerome Jackson. Mr. Gleason, are you ready to proceed? Yes. You may proceed. Thank you, Mr. Chief Justice. May it please the Court and Counsel, I am John Gleason, an assistant defender with the Office of the State Appellate Defender in Mount Vernon. Our office represents Jerome Jackson. This appeal concerns a judge's due process obligation to admonish a defendant that a term of mandatory supervised release, MSR, will be added to his negotiated prison sentence. Some judges are not giving that admonition, or they are phrasing the admonition so oddly as to say something completely different and misleading. My issue begins with the words spoken by the judge to Jerome Jackson at his guilty plea hearings. And the judge told Jackson, If this were handled by other than a plea agreement, the law provides you could get anywhere from two to ten years in prison plus two years' mandatory supervised release. Other possibilities include probation or conditional discharge not to exceed 30 months, periodic imprisonment not to exceed 18 months, and you could be fined up to $25,000. That's the only mention of MSR at the guilty plea hearing. The judge does not mention MSR anywhere else in his admonishments. He does not mention MSR when pronouncing sentence. Also, he does not mention MSR on his written judgment and sentence. And the parties in their written plea do not mention MSR, only three years in prison. So the judge mentions MSR only as part of this hypothetical. If this case were handled by other than a guilty plea, I could impose these various things, including MSR. Now, that's nowhere close to informing the defendant that a term of MSR will be added to his negotiated prison sentence. In fact, I would suggest that a reasonable person hearing that particular admonition would think that if the case were handled by a plea agreement, the defendant could avoid MSR. And, of course, that's not the law. MSR is automatically added to any prison sentence, whether it's through a plea agreement or otherwise. Now, People v. Whitfield is the most recent case, or one of the most recent cases, in which this Court has said that due process obliges the judge to admonish the defendant that a term of MSR will be added to his negotiated prison sentence. Now, the Fourth District Appellate Court thinks that due process is satisfied and Whitfield is inapplicable so long as the judge utters the phrase, mandatory supervised release, at any point prior to accepting the guilty plea. Context is unimportant. Mr. Gleason, I hate to be on a mootness kick here, but there was a 1998 conviction that's not at issue here. Is that right? As I recall, it was 1997, but yes. And I think the State's position, and that's what I want to hear you address, is that there were consecutive sentences and the MSR would attach to the 1997 or 1998 conviction, whichever it was, because that was the greater conviction. How do you address that? If the MSR attached to something that had nothing to do with the 2002 convictions? Right. In fact, it may have been a 1998 conviction. The case was started in 1997 as a 1997 CR number. This is why it's not moot and why it's not harmless also. The four sentences here, although concurrent with one another, are consecutive to the sentence he was serving at the time he committed these offenses. So these sentences affect when he is released from prison, when his MSR begins, when his MSR ends. Well, Holystaff, do you agree with the proposition that the MSR attaches to the most serious offense, which at least they allege was the 1998 conviction? Until a few days ago I would have said yes. But I was reading through the Uniform Code of Corrections. I found it not altogether clear. The state in its brief cites to a particular statute for exactly that proposition. But that statute refers to another statute in the Uniform Code of Corrections that refers to sentences imposed by another state's court or a district court. And, of course, that doesn't have anything to do with this case. That's not the situation. So near as I can tell, he is on MSR for his old case and for these new cases. The MSR term for the old case was two years. The MSR for the new case, this case, is one year. So I can see why the state would think that the case is moot or harmless. Well, the fact is that over here, sir. Oh.  It's difficult to tell. The fact is, though, that this defendant is serving a term of MSR that is the term of MSR that attaches to the robbery case. Is that correct? Yes. All right. And that's the only term of MSR that he will ever serve. He will not. . . Let me back up a little bit. The MSR terms are not consecutive. Right. The way they do the MSR with the consecutive sentences, they add all of the sentences together for one sentence, and then the MSR goes with the most serious crime. That's certainly the state's argument, and there's statutory support for that that you may or may not disagree with. Is that fair? Yes. Okay. That is the state's argument. All right. If that's true, and we believe that's true, I guess what counts, the defendant here would never serve the unadmonished MSR. Isn't that right? Isn't that correct? Right. So there would be no prejudice to the defendant whatsoever if this is how this particular sentence is served. I would suggest that that's not the case, based upon what I started to say in response to another justice's question. The sentences here are consecutive to the old sentence, the robbery. Well, isn't the old sentence the robbery? Is that right? Right. Okay. These sentences are consecutive to the old sentence, the robbery sentence. But only what is consecutive is not the terms of MSR, but the period of imprisonment. Right. All right. So that fact, the fact that they're consecutive, doesn't change the fact that he's only serving two years of MSR, and that two years of MSR at least fits the robbery, even if it doesn't fit anything else. Right. There's no question as to the admonishments in the robbery. No. Okay. I haven't read the transcript from the robbery case. There was nothing in the record that would support anything other than that the two years MSR was admonished in the robbery. Exactly. Okay. But my idea is that the issue is not moved, and the error, the due process error was not harmless, because these sentences, prison sentences, these prison sentences being consecutive to the old prison sentence, the robbery prison sentence, help to or indeed determine when he will be released from prison and when his MSR starts and when his MSR ends. If he had been admonished clearly as to his MSR rights, that would have been the same, wouldn't it? They still would have just added the sentences up to determine what the single prison sentence was. Yes. All right. Yes. Of course, if he had been properly admonished, I would not have an issue to begin with, so. Well, the State's going to argue that he was, but that's neither here nor there. Right. Just to finish my thought, so under Whitfield, most recently, the defendant is entitled to the benefit of his bargain with the State, and if he receives the Whitfield-style relief and has one year shaved off of his three-year prison sentence, the three-year prison sentence becomes a two-year prison sentence. Under that condition, he would have gotten out of prison earlier, his MSR would have started earlier, and his MSR would end earlier, and it's now scheduled to end. So if you prevail, wouldn't we be essentially striking a term of MSR or part of the MSR? I don't think so. And why not? Well, in my view, you would essentially be backdating the MSR. It would cover a period that he was in prison when he should have been on MSR. He would just need to eat, so to speak, the time that he was in prison instead of on MSR. But the MSR start date would be pushed back, and the MSR end date would be moved forward, so it would still be a two-year period. It would just have started sooner and it will end sooner, but it would still be a two-year period. But do you agree that it would not be appropriate for us to reduce the term of MSR? Yes. In fact, I would agree that Your Honors have no authority to reduce the term of MSR since it is a statutory mandate. As I say, People v. Whitfield is the case in which this Court has most recently said that that type of admonition is required. Now, the Fourth District has said in this case and in others that due process is satisfied and Whitfield is inapplicable so long as the judge utters that phrase, mandatory supervised release, at any point prior to accepting the plea. So far as the Fourth District is concerned, the context is unimportant. And that kind of admonition is nowhere close to fulfilling the due process obligation. I mean, the most the Fourth District says is, well, sure, the admonition could have been clearer, but it seems to adopt the attitude of, ah, close enough for government work. I ask this Court to correct that attitude. This is an important constitutional issue, as this Court has made clear. And it's coming up again and again. And it's so easy for the judge to give a proper admonition. Now, in the time required to mention MSR as part of some hypothetical, the judge can inform the defendant that a term of MSR will be added to the agreed-upon prison sentence. How long did it take me to say that? So, and by saying that, this whole due process problem is avoided. So I would ask this Court, one way or another, to tell the circuit courts that mentioning MSR as part of a hypothetical, and nothing more, as in this case, does not satisfy due process. The judge needs to inform the defendant that a term of MSR will be added to the prison sentence to which he and the State agreed. Thank you. All right. Thank you, Mr. Gleason. Ms. Seaborn? Good morning, Your Honors. Erica Seaborn from the Attorney General's Office on behalf of the people. May it please the Court. Your Honors, there are several reasons why this Court should uphold the dismissal of defendant's post-conviction petition. And the first is that the case is moot. Years before the defendant was admonished that the case is an issue here, he was convicted of robbery, which is a Class II felony and mandates a two-year term of mandatory supervised release. And as the most serious of his offenses, one class more serious than the aggravated batteries at issue here, his MSR term is related to that robbery case. Under 730 ILCS 5584E2, when consecutive sentences are served, the Department of Corrections treats it as one single term of imprisonment, but then the defendant has to serve the term of MSR for the most serious offense. MSR terms don't aggregate if there are multiple convictions and they don't run concurrent to each other. The only MSR term that's being served here is one for a conviction that the defendant has not challenged. In that way, the mootness in this case is unusual. Normally, when we talk about mootness, we're talking about some type of later intervening event that has then rendered the case moot. Here, the defendant's case was moot from the very beginning. In his reply brief, the defendant concedes that the case is moot, but argues that this Court should apply one of two exceptions to the mootness doctrine. Neither of these exceptions apply. First of all, the defendant argues that this Court should apply the public interest exception. However, the public interest exception, as this Court held in Felzack, should be narrowly construed and requires a clear showing of each of three criteria. The three criteria are that the question had issues of a substantial public nature, and the second two, which are problematic, are that an authoritative determination is needed from this Court for future guidance and that the circumstances are likely to recur. We would argue that the defendant has not met the last two criteria. In terms of an authoritative determination, the defendant would argue that there seems to be a split between the Fourth and Fifth District appellate courts as to whether or not this type of admonishment satisfies due process. But I don't think that the split is as severe as the defendant would make it out to be. In support of his case, the defendant cites the Fifth District's opinion in People v. Company. However, the Fifth District also recently issued an opinion in People v. Thomas, which I moved to cite as additional authority before this Court a couple of weeks ago. And in Thomas, the Fifth District followed more of the Fourth District's style of analysis. The First District, in a case called People v. Marshall, which I also moved to cite as additional authority recently, also follows the Fourth District's mode of analysis. In that way, the Company case could be seen as more of an outlier rather than a definitive split between two districts of the State's appellate courts. So in that way, there's not been a clear showing that this Court's authoritative guidance is needed in order to resolve this type of issue. In terms of the third criterion, that the circumstances are likely to occur, I would argue that the defendant has not made a clear showing here either. In the reply brief, the defendant gives numbers on the number of prisoners in the Department of Corrections and the average length of their stay. But even he admits that he has no idea how many of these prisoners are in prison pursuant to a guilty plea. And even off of that, we also have no idea how many of these prisoners were admonished in a manner that defendant would say is analogous to his own and that violates Whitefield. Because there's been no clear showing on the last two criterion, the Court should not apply the first public interest exception to the mootness doctrine. As to the second exception, the Court should not apply this one either. The second exception is where the defendant would have to show that he has a reasonable expectation that he himself would be subject to the same action again and that the act challenges of such short duration that it could not possibly be fully litigated prior to its cessation. Defendant hasn't made a showing of this either. He will not be subject to the MSR term for his aggravated battery conviction because, as I stated before, he's serving the MSR term for the robbery instead. Even if this Court decides to apply a mootness exception, it should still deny relief because any error in this case was harmless. The defendant has not suffered any injury as a result of the admonitions that he received for his aggravated battery convictions because he's not going to serve that term of MSR. Even if this Court decides that the defendant was improperly admonished for those aggravated battery convictions, he would still have to finish serving out the term of MSR for the robbery because he has never challenged his conviction in that case. But even if this Court determines that the error was not harmless, it should still deny relief because there's no remedy available to the defendant. He's already finished his prison sentence. The First District actually confronted a similar situation in People v. Palm where a defendant who challenged his MSR on similar grounds, by the time his case reached the First District, he had already finished his prison sentence. The First District recognized that it could not shorten the term of mandatory supervised release as this Court stated in Whitefield. And so the First District held, at this date there's no sentence remaining for us to modify because it's been discharged and only the MSR period remains. Because of that, the First District ended up denying the defendant any relief because they said that there was simply no relief left to give the defendant. This Court should similarly hold that it cannot retroactively modify a defendant's prison sentence after he has already served it. Doing so would have the effect of shortening the term of mandatory supervised release that the defendant is now serving. And it would be doubly inappropriate because that MSR term is related to a conviction that he has not challenged. Finally, I'll address the merits of this case. In Whitefield, this Court held that substantial compliance with Rule 402 is sufficient to establish due process. And we would argue that Rule 402 has been sufficiently complied with. But even if this Court holds that there was an error under Rule 402, the Court also held in Whitefield that an imperfect admonishment is not reversible error unless a real justice has been denied or the defendant was prejudiced by the admonishment. And here the defendant was not prejudiced in any way by the admonishments that he received. Unless this Court has any questions, we'd urge the Court to affirm the dismissal. Thank you. Thank you, Ms. Sieber. Mr. Gleeson, rebuttal. First, let me say that I have no objection to the State's motion to add authority. Second, let me say in my reply brief, I am not conceding that the issue is moot. I certainly do address the issue of mootness because I thought that that was something important, something that needed to be addressed, and something that I'm sure the Court will be thinking about.  And this Court can grant effective relief to Jerome Jackson by shaving that one year off of his prison sentence. It won't get him out of prison any sooner. He already is out of prison. He has been out for the past year. But as a result of that relief, his MSR term will end sooner than otherwise. It's not a huge bit of relief for him. It's not like having his death penalty overturned. But being on MSR is a restriction on liberty. So having the MSR end a bit sooner than usual than otherwise. It will effectively shorten the period of MSR, won't it? Even if we take the year off, he wasn't on MSR during that year, and he'll never be on MSR during that year. This is Justice Garmon's question from earlier. I'll ask it again. It's fine. I can do that. And I would say no. You are not shortening the statutory period of MSR. You essentially would be backdating the start of the MSR. It would still be two years. It would end sooner than it's now scheduled to end. But it would have started earlier than it, in fact, started. Because he should have been out of prison earlier than he, in fact, was released from prison. If I could just end by saying that one way or another, regardless of anything else, I would ask this Court, please, to make clear to the courts that this type of admonishment, the type seen in this case where MSR is mentioned only as a part of a hypothetical, if this case were handled by other than a plea agreement, to make sure that the courts know that that type of admonishment is not sufficiently clear and does not satisfy due process. And the circuit courts really do need to inform the defendant of the simple fact that a term of MSR will be added to the prison sentence imposed pursuant to the plea agreement. Thank you. Thank you, Mr. Gleason. Thank you, Ms. Seaborn. Case number 105212, People of the State of Illinois v. Jerome Jackson, is taken under advisement as agenda number six.